The Chancellor.
The nature of the case presented by this bill, as well as the prayer of the bill, shows that the permanent relief sought by the complainants is, that the owners and occupants of the premises be confined, in their use of water thereon, to the quantity that will run through an aperture of twelve inches square; and to that end the bill prays that this court may direct in what manner the said twelve inches square of water shall be taken from the canal on Boudinot street, and in what way the same shall be guaged or measured; and that the owners and occupants be injoined from taking more water, or from taking the quantity in any other manner, or by any other mode of measurement, than shall be directed by the court.
The relief sought is resisted on one main ground, from which .two positions of defence are taken by the answer of the widow and administratrix and guardian of the minor children.
That ground is, that the quantity of water now drawn from *134 the canal.is the.same as was originally drawn under the deed from the Society, and that the mode of drawing it is the same, .and that both the quantity drawn and the mode of drawing it .have continued the same during the thirty years or more that •have since elapsed.
This ground is relied upon, first, as evidence of right to the ■quantity drawn, even as against.the deed, if it should appear .that more than the quantity mentioned in the deed is drawn ; and second, as evidence that.the particular mode used of taking the water was adopted and assented to as a sufficiently accurate mode of drawing the quantity of water .mentioned in the deed.
These positions involve so much for consideration and decision, that it will hardly be expected that the court will finally decide upon them on .the bill and answer. If I were willing •now to say, that a new mode of drawing the water should be adopted, there is not enough in the bill and answer to enable me to direct the proper mode of drawing the specified quantity. This belongs to the permanent relief sought by the bill, if the complainants finally prevail.
From the nature of the element we are to deal with, and the want of .any mode prescribed in the deed for taking the specified quantity, it is clear that the court will need, for the guidance of its judgment, facts and scientific information which the bill and answer do not give, and which can be furnished .only by the testimony of witnesses.
If, as the complainants contend, the -water should be drawn from their canal through an aperture of a foot square, where should the aperture be?—in what part of the wall, in reference to the line of the current?—under what head of water? Is the water to flow through the aperture against the resistance of water in the channel to the mill at the same level with the water in the canal; or is it to flow without other resistance than that of the air? What was the height of water in the canal when the grant was made?
It is clear that a final decision of the controversy cannot now be made ; a perpetual injunction could not now be asked.
But the complainants ask that an injunction be now granted, to be hereafter made perpetual, or be dissolved, as the case shall *135 finally turn. In what terms should such injunction be expressed 1 Could it be in the language of the prayer, injoining the defendants “ from taking from the canal any more water than will run through an aperture of twelve inches square, and from pulling down and taking out any guage which the complainants may insert for the purpose of measuring the said twelve inches square of water.” To this there are conclusive objections. First, it would be deciding in this stage of the cause, that a now mode of taking the water is now to be adopted; and' that, notwithstanding the lapse of time, the defendants may now be restrained to strict measure. Next, it'would be to declare, that the complainants have the right to determine where the aperture should be, a position which, it is sufficient for me now to say, is at least doubtful. Indeed it is opposed to the next' branch of the prayer of the bill, which is, that this court may direct in what manner the foot square shall be taken, and how it shall be measured. The counsel for the complainants, perceiving, no doubt, this difficulty, asked only that an injunction should go in the language of the deed, restraining the defendants from taking more than twelve inches square of water. This is still subject to the first objection above stated, and is also subject to another objection, arising from the position taken by Daniel Holsman, deceased, in 1827, when the first notice was-given to him. The bill states, that he then put himself on the ground that he did not use more than a foot square. (Suppose, then, the injunction should go as asked by the counsel for the complainants, and the defendants should, notwithstanding,, continue to use the water as it has heretofore been used, and an attachment should be applied for. Is there enough now before the court to enable it to determine that more than the foot square contemplated by the deed, if taken as it should be taken-under the terms of the deed, is used ? The court would be in the same difficulty on the application for an attachment, as it is now in in reference to the principal points of controversy. Would the court, on that application, first direct the mode in which the water should be taken and measured, in order to see-whether more than the proper foot square was taken, and thereby to determine whether the injunction had been diso heyed ?
*136 The answer of a mere tenant of' the principal defendant; that he thinks he is using more than a foot square, though-he has never measured it, would not be sufficient ground 'for an attachment.
I' forbear entering at' this time' into an examination of the principal points of controversy in the case. I am satisfied that a state of affairs which has existed for thirty years, and in reference to which the remedy is such as must be applied if the complainants succeed, should not be disturbed by a preliminary1 injunction. No alteration of that state of affairs is threatened, or- impending, and by the complainants’ own showing, the same state of affairs has continued for eighteen years oi" thereabouts; since they gave notice tb Daniel Holsman to confine himself to'the foot square, and since they received his answer that he was not using more; to say nothing of the right claimed from’ long user, if the quantity used’ should turn out to be more.
The late leases' or agreements to lease, ot sales, by the company, stated in their bill, are not' considered as making any such alteration in the state of affairs between the complainants and the defendants, as can be regarded on this motion;
The injunction is denied.